**POTTER COUNTY CHILD WELFARE UNIT, Appellant,**

v.

**Lloyd Gene CHARLOW et al., Appellees.**

**No. 4377.**

Court of Civil Appeals of Texas, Eastland.

April 24, 1970.

Rehearing Denied May 15, 1970.

Naomi Harney, County Atty., Amarillo, for appellant.

D. Lyman Stubblefield, Amarillo, for appellees.

GRISSOM, Chief Justice.

On March 25, 1969, Potter County Child Welfare Unit filed a petition in the Domestic Relations Court of Potter County alleging that Barbara Jean Charlow, who was then about three months old, was a dependent and neglected child in that she did not have proper parental care and that her mother was residing with her parents in Colorado and the father's address was unknown. It further alleged that said child was placed in its care by voluntary boarding care consent and that her mother was not physically or financially able to care for the baby. The court, without a hearing, granted temporary custody to the Welfare Unit. The baby was placed in a hospital and recovered. Thereafter, on the 6th of August, 1969, Barbara's parents appeared in person and by their attorney and the Welfare Unit appeared by its attorney, a jury was waived and the court, after hearing the evidence, was of the opinion that Barbara should be returned to her parents, which was accordingly ordered. The Welfare Unit has appealed.

Appellant presents in its brief an able argument and evidence taken from the statement of facts which would have authorized a contrary judgment. There was evidence of emotional and mental trouble by both parents, separations, traveling from place to place, and generally poor conditions under which to rear a child. However, as appellees contend, there was evidence of recent physical and mental improvement of both parents; that they had been reunited in their old home of Kansas City, Missouri, in a better house, where the father was employed by Kansas City and paid a salary sufficient to support the family. It appears that since rendition of that judgment Barbara has probably been in the better home with her parents in Kansas City, Missouri.

It has been properly held that before the drastic remedy of declaring a baby dependent and neglected and a judgment taking it from the parents should be rendered, that unfitness of the parents should clearly appear. The burden of proving that the best interest of the child would be served by taking her away from her parents and awarding her custody to appellant was upon it. Martin v. Cameron County Child Welfare Unit, Tex.Civ.App., 326 S.W.2d 31, 160 Tex. 274, 329 S.W.2d 83. Ordinarily, in such cases what is best for the child and whether it is then dependent and neglected is a question of fact for the trial judge and he is usually in a better position to correctly answer that question than an appellate court. After careful study of the record, particularly the testimony as to

improved conditions and environment under which the child may now live, which was apparently believed by the trial judge, we respectfully overrule appellant's points and affirm the judgment.